IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CLAIRE M. CLODE-BAKER** | § | |
| | § | |
| v. | § | A-11-CV-977- LY |
| | § | |
| **TAMMY COCKE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss (Clerk's Doc. No. 7), filed on December 22, 2012, and Plaintiff's Response to the Motion to Dismiss (Clerk's Doc. No. 9), filed on January 3, 2012. Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint, filed on January 3, 2012 (Clerk's Doc. No. 10). The District Court referred these Motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

**I.  FACTUAL BACKGROUND**

On November 15, 2011, Claire M. Clode-Baker filed the instant lawsuit pursuant to 26 U.S.C. § 7431 alleging that Tammy Cocke, her former daughter-in-law, knowingly inspected and disclosed Clode-Baker's tax return information, in violation of 26 U.S.C. § 6103. Specifically, Clode-Baker alleges that on August 31, 2009, Cocke obtained transcripts of Clode-Baker's 2007 and 2008 Individual Income Tax Returns ("Tax Return Transcripts") from the Internal Revenue Service ("IRS") and then disclosed those Tax Return Transcripts to her lawyers (Scott Knott, Gregory Lynam and Hilary Lefko of the Ferraro Law Firm located in Miami, Florida). Clode-Baker alleges

that Cocke's lawyers then forwarded the Tax Return Transcripts to Stephen Whitlock, Director of the Whistleblower Office of the IRS. Clode-Baker seeks statutory damages under 26 U.S.C. § 7431, actual and punitive damages and attorneys' fees and costs of suit.

On December 22, 2011, Cocke filed a Motion to Dismiss pursuant to Rule 12(b)(6) arguing that Clode-Baker's Complaint should be dismissed because she cannot maintain a cause of action under 26 U.S.C. § 7431 against Cocke. Specifically, Cocke argues that claims under § 7431 can only be maintained against private individuals who fall within certain categories enumerated in § 6103(a) and that Cocke does not fall within any of those categories. Accordingly, Cocke argues that Clode-Baker's Complaint should be dismissed in its entirety.

## II.  ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B.     Does Plaintiff have a viable claim against Defendant under 26 U.S.C. § 7431?**

Clode-Baker has brought this lawsuit pursuant to 26 U.S.C. § 7431,[1] which allows for individuals to sue for civil damages if their tax return information was disclosed in violation of 26 U.S.C. § 6103.  Clode-Baker alleges that Cocke reviewed and disclosed certain confidential tax information in violation of § 6103(a).  Section 6103(a) provides the following:

> Returns and return information shall be confidential, and except as authorized by this title--
> 
> (1) no officer or employee of the United States,
> 
> (2) no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and
> 
> (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (10), (12), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),
> 
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

26 U.S.C. § 6103(a).

---

[1] Section 7431(2) provides that "[i]f any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States." 26 U.S.C. § 7431(2). Section 6104(c) is not relevant to the instant case since it involves the disclosure obligations of certain charitable organizations. See 26 U.S.C. § 6104(c).

As clearly stated in the statute, § 6103 does not prohibit all disclosures of tax information; rather, it prohibits the disclosure of confidential tax return information by certain individuals who fall into select categories enumerated in the statute. *Manning v. Haggerty*, 2011 WL 4527818 at * 5 (M.D. Pa. Sept. 28, 2011). In *Stokwitz v. U.S.*, 831 F.2d 893 (9th Cir. 1987), *cert. denied*, 485 U.S. 1033 (1988), the Ninth Circuit explained that § 6103 was designed "to curtail loose disclosure practices by the IRS." *Id.* at 894. "That is as far as the statute goes. Contrary to appellant's contention there is no indication . . . that Congress intended to enact a general prohibition against public disclosure of tax information." *Id*. at 896. As the Seventh Circuit phrased it:

> If [plaintiff] gives his [tax] returns to a friend who passes out copies at work, or to an accountant who relates juicy tidbits at a cocktail party, [plaintiff] may think himself ill used and may have remedies under state law, but neither the friend nor the accountant violated § 6103. Congress set out to limit disclosure by persons who get tax returns in the course of public business—employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached. The statute does not forbid disclosure when information comes from other sources.

*Hrubec v. Nat'l R.R. Passenger Corp.*, 49 F.3d 1269, 1270 (7th Cir. 1995).

Thus, in order for Clode-Baker to state a claim under § 7431(2), she must demonstrate that Cocke falls into one of the categories of individuals listed in section 6103(a). Because Cocke is not a government employee, Cocke would have to qualify as an "other person" described in § 6103(a)(3) in order to be liable under the statute. The list of those who qualify as an "other person" under § 6103(a)(3) is very specific. *Manning*, 2011 WL 4527818 at * 5. The statute provides that the following individuals would qualify as an "other person" under the statute: (1) those who obtain tax return information in their role as a bona fide shareholder of more than one percent of the outstanding shares of a corporation (§ 6103(e)(1)(D)(iii)); (2) those performing functions related to child support (§ 6103(l)(6)); (3) those who process reductions sought under the Internal Revenue

4

Code (§ 6103(l)(10)); (4) those who process verifications of employment status of medicare beneficiaries (§ 6103(l)(12)); (5) those administering the District of Columbia Retirement Protection Act of 1997 (§ 6103(l)(16)); (6) those providing transitional assistance under the Medicare discount card program (§ 6103(l)(19)); (7) those carrying out Medicare Part B premium subsidy adjustment (§ 6103(l)(20)); (8) those who receive tax return information in conjunction with a federal claim (§ 6103(m)(2)); (9) those who receive tax return information pursuant to Department of Education regulations (§ 6103(m)(4)(B)); those involved in the tax administration process (§ 6103(n)). Courts have declined to extend the "other person" category of § 6103(a)(3) beyond the specific categories listed in the statute. *See e.g., Manning*, 2011 WL 4527818 at * 5 (holding that third party business owners and attorney did not fall within categories listed in § 6103); *Hrubec*, 49 F.3d at 1270–71 (holding that § 6103 does not apply to railroad employees who obtained and disclosed tax return information without the consent of the taxpayer); *Pinero v. Jackson Hewitt Tax Service, Inc.*, 594 F. Supp.2d 710, 722 (E.D. La. 2009) (finding that § 6103 does not include commercial tax preparers); *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522, 1527 (D. Nev. 1989) (finding that a private sector employer is not within the "other person" category of § 6103).

Clode-Baker fails even to allege that Cocke falls within any of the classifications listed in § 6103(a).[2] Accordingly, she has failed to state a claim for wrongful tax return disclosure under § 7431 and Defendant's Motion to Dismiss should be granted. *See Dietl v. Mirage Resorts, Inc.*, 180

---

[2]In her Response, Clode-Baker curiously claims that Cocke's inspection of her return information violated 26 U.S.C. § 6103(e)(1). *See* Plaintiff's Response at p. 4-5. Section 6103(e)(1), however, deals with exceptions for the disclosure of return information. See 26 U.S.C. § 6103(e)(1); *Solargistic Corp. v. United States*, 921 F.2d 729, 730-31 (7th Cir. 1991). Clode-Baker's reference to this section does not change the fact that she has failed to state a claim for relief against the Cocke under § 7431.

F.Supp.2d 1150, 1153 (D. Nev. 2002) (noting that if § 6103 is not violated, "Plaintiff has no claim under section 7431(a)(2)").

### C.     Plaintiff's Motion to Amend Complaint

Clode-Baker moves the Court to permit her to file a an Amended Complaint to add additional wrongful inspection and disclosure claims under 26 U.S.C. § 7431 against Cocke for the years 2004, 2005 and 2006.  These new claims in her Proposed Amended Complaint fail to cure the fatal defects of her claims asserted in her Original Complaint.  Clode-Baker's proposed new claims also fail to state a claim under 26 U.S.C. § 7431 because Cocke still does not fall within the class of individuals covered by § 6103.  Accordingly, Clode-Baker's Motion for Leave to File Amended Complaint (Clerk's Doc. No. 10) should be denied due to futility.  *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (courts may deny leave to amend complaint if amendment would be futile).

### III.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Clerk's Doc. No. 7).  The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Leave to File First Amended Complaint (Clerk's Doc. No. 10).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE